

# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 141 Church Street | 450 Main Street | 915 Lafayette Blvd |
| New Haven, CT 06510 | Hartford, CT 06103 | Bridgeport, CT 06604 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 |

## NOTICE TO COUNSEL AND SELF-REPRESENTED PARTIES

The attached case has been assigned to District Judge Jeffrey Alker Meyer who sits in New Haven. Counsel and Self-Represented Parties should file all future pleadings or documents in this matter with the Clerk's Office in New Haven.

Counsel and Self-Represented Parties are required to become familiar with and abide by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Connecticut and Standing Orders regarding scheduling in civil cases and the filing of trial memoranda.

Counsel and Self-Represented Parties are hereby notified that failure to file and serve a memorandum in opposition to a motion, within 21 days after the motion is filed, may be deemed sufficient cause to grant the motion. Failure to file and serve a memorandum in opposition to a motion to dismiss within 21 days after the motion is filed may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. See D. Conn. L. Civ. R. 7(a)2.

Counsel and Self-Represented Parties are further notified that they are required to comply with requirements relating to Motions for Summary Judgment as set forth in Fed. R. Civ.P. 56 and D. Conn. L. Civ. R. 56. A party may move for Summary Judgment when that party believes there is no genuine issue of material fact requiring trial and the party is entitled to judgment as a matter of law. The motion may be directed toward all or part of a claim or defense and it may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits and other materials outside the pleadings.

Local Civil Rule 56(a) requires the party seeking Summary Judgment to file a document entitled "Local Rule 56(a)1 Statement," Which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. The material facts set forth in this statement shall be deemed admitted unless controverted by the "Local Rule 56(a)2Statement" required to be served by the opposing party. The paragraphs in the 56(a)2 statement shall correspond to the paragraphs in the 56(a)1 statement and shall state whether the facts asserted by the moving party are admitted or denied. The Local Rule 56(a)2 statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

Counsel and Self-Represented Parties are alerted to the requirements of Fed. R. Civ. P.26(f) and Local Civil Rule 26, which require that the parties conduct a case management planning conference and prepare and file a report of the conference on Form 26(f) which appears in the Appendix to the Local Rules.

Counsel and Self-Represented Parties are further advised that they may request a referral of their case to a United States Magistrate Judge for disposition. See 28 U.S.C. 636 and Rule 77.2 of the Local Rules for United States Magistrate Judges.

Robin D. Tabora, Clerk

Rev. 10-9-19



**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT

# ORDER RE: DISCLOSURE STATEMENT

Any nongovernmental corporate party to an action in this court shall file a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock. A party shall file the statement with its initial pleading filed in the court and shall supplement the statement within a reasonable time of any change in the information.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order upon all parties to the action.

By Order of the Court
Robin D. Tabora, Clerk

Rev. 10-9-19